UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Cr. No. 15–10300-DPW |
| ) | |
| (1)  JOHN FIDLER, ) | |
| (2)  DANIEL REDMOND, ) | |
| (3)  ROBERT CAFARELLI, ) | |
| (4)  MICHAEL ROSS, and ) | |
| (5)  MARK HARRINGTON, ) | |
| ) | |
| Defendants ) | |

**GOVERNMENT'S OPPOSTION TO DEFENDANTS' MOTION
FOR DISCOVERY IN AID OF MOTION TO DISMISS**

The United States of America, by and through its attorneys, Carmen M. Ortiz, United States Attorney, and Assistant U.S. Attorneys Laura J. Kaplan and Kristina E. Barclay, submit this opposition to Defendants' Motion For Discovery in Aid of Motion to Dismiss ("Motion for Discovery") (Docket #81).   Defendants' request for disclosure of grand jury material should be denied.   The government has provided the defendants with discovery pursuant to Rule 16 and the Local Rules.   Since the Superseding Indictment sufficiently alleges Hobbs Act violations as a matter of law, and the government, has not, as alleged by the defendants, changed its theory of the case, the Court should deny the Defendants' Motion for Discovery.

In their Motion to Dismiss (Docket #58), the defendants argued that the Indictment failed to allege an essential *mens rea* element of the offense.   Now, the defendants request an order compelling the government to disclose any grand jury testimony or evidence that supports the government's assertion that the defendants understood, knew or intended that no services would be performed by any union member hired by the production company.   Defendants argue that no such evidence exists and the government is proceeding under a new theory of the case

which constructively amends the indictment.

Defendants' motion conflates several different arguments and is yet another attempt to convince the Court that there is insufficient evidence to support the allegations that they were involved in the attempted extortion of Company A.    Moreover, their Motion for Discovery is the wrong vehicle to challenge these allegations, and ignoring the plain language of the Indictment does not make it any more appropriate.    It is axiomatic that in reviewing a motion to dismiss the Indictment the court must assume that all the allegations contained in the indictment are true.   *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343, n.16 (1952).    Moreover, as the Supreme Court has stated:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.    The result of such a rule would be that before the trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.    This is not required by the Fifth Amendment.    An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charges on the merits.    The Fifth Amendment requires no more.

*Costello*, 350 U.S. at 362-363.

The appropriate starting point, as elucidated by the First Circuit in *United States v. Maceo*, is that "[a]n indictment returned by a legally constituted and unbiased grand jury … if valid on its face, is enough to call for trial of the charge on its merits." 873 F.2d 1, 2-3 (1st Cir. 1989) (*quoting Costello v. United States*, 350 U.S. 359, 363 (1956)).    Grand jury proceedings have a presumption of regularity, *United States v. R. Enterprises*, 498 U.S. 292, 301 (1991), and a defendant must show that any alleged irregularity substantially influenced the decision to indict or cast grave doubt over whether the decision to indict was free from substantial and improper influence. *In re United States*, 441 F.3d 44, 59 (1st Cir. 2006).    The defendants offer no

evidence of any irregularity which influenced the decision to indict or cast grave doubt over whether the decision to indict was free from substantial and improper influence.

Moreover, a court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is a preliminary phase of the criminal justice process and all constitutional protections will be afforded during the trial. *See United States v. De Rosa*, 783 F.2d 1401, 1405 (9th Cir), *cert denied*, 477 U.S. 908 (1986). The Court in *Maceo* recognized, 873 F.2d at 4, that any other rule would force criminal defendants and the court to bear two trials on the charge. In *Maceo,* it should also be noted, the First Circuit recognized that under certain circumstances, however, it is appropriate to inquire into the proceeding surrounding a grand jury's decision to indict, i.e. if there has been prosecutorial misconduct that actually biases the grand jury in performing its fact-finding function. Again, defendants have neither alleged nor proven that any such bias influenced the grand jury proceedings.

Given this presumption of validity, defendants must establish a "particularized need" for disclosure of grand jury materials. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). Courts then weigh "the extent to which the request [is] limited to that material directly pertinent to the need for disclosure." *Douglas Oil Company v. Petrol Stops Northwest*, 441 U.S. 211, 223-24 (1979).

Defendants' alleged "need" for the disclosure of grand jury materials is their claim that the government has changed its theory of the case based on our Sur-Reply to Defendants' Motion to Dismiss the Indictment (Docket #78). However, the facts presented in Defendants' Motion for Discovery (Docket #81) in support of this allegation are simply untrue. The legal

theory of the government's case, as was presented to the grand jury, is that the defendants used the threats and actual physical violence and economic harm to attempt to obtain property of Company A, to wit: money to be paid as wages for imposed, unwanted, and unnecessary and superfluous services.   That theory remains the same today as it was yesterday.   Further, the grand jury was properly instructed on the appropriate *mens rea* in accordance with *United States v. Sturm*, 870 F.2d 769 (1st Cir 1989).

Further, it is well-settled that it is enough that there is some competent evidence to sustain the charge issued by the grand jury even though other evidence before it is incompetent or irrelevant in an evidentiary sense or even false.   *Coppedge v. United States,* 311 F.2d 128 (D.D.Cir. 1962), *cert denied*, 373 U.S. 946 (1963).   The grand jury in this case heard competent evidence to sustain the charges.   They were legally constituted and unbiased which, on its face, is enough to call for trial on the merits.

To support their request for disclosure of grand jury material, defendants allege that a constructive amendment of the indictment or a variance has occurred.   However, to prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Frank*, 156 F.3d at 337; *see also United States v. Wallace*, 59 F.3d 333, 337 (2d Cir.1995). "Where charges are constructively narrowed or where a generally framed indictment encompasses the specific legal theory or evidence used at trial," there is no constructive amendment. *United States v. Wallace*, 59 F.3d at 337 (internal quotation marks omitted); *cf. Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)

(noting that indictment written in general terms may support conviction on alternative bases). Here, the indictment lays out the specific legal theory of the government's case and much, if not all, of the evidence was disclosed during automatic discovery.   The government has been absolutely transparent in setting out its theory of the case.

A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Frank*, 156 F.3d at 337 n. 5 (internal quotation marks and emphasis omitted). Although the distinction between constructive amendment and variance may appear "merely one of degree," there is an important difference in outcome: "a constructive amendment of the indictment is considered to be a per se violation of the grand jury clause, while a defendant must show prejudice in order to prevail on a variance claim." *Id.*; *see also United States v. McDermott*, 245 F.3d 133, 139 (2d Cir.2001) (reiterating principle that variance must cause "substantial prejudice" to warrant reversal).   Here, again, the Indictment sets out the government's theory of the case and has been well amplified by the voluminous discovery.   Thus, no prejudice can be said to have occurred.

The defendants have not demonstrated that this case merits special treatment under the Local Rules.   The defendants have done nothing to show that, from a discovery perspective, this case is anything other than the type of case contemplated by the drafters of the Local Rules. Like the many cases that are presented to this Court each year, this case can be fully and fairly addressed through the framework and orderly timing mechanisms contained in the Local Rules.

Finally, defendants' attempt to downplay the importance of grand jury secrecy is without merit.   (Def. Mot. at 9).   As the First Circuit held in *United States v. McMahon,* "[t]he

Supreme Court repeatedly has recognized the importance of secrecy in grand jury proceedings even after the grand jury has concluded its function." 938 F.2d 1501, 1504 (1991) (citing *Douglas Oil Co.*, 441 U.S. at 222).   Here, there is even greater concern for grand jury secrecy as, despite defendants' assertion to the contrary, the grand jury *is* still investigating matters relating to the attempted extortion of Company A.

## CONCLUSION

For the foregoing reasons, the defendants' Motion for Discovery should be denied.

Respectfully Submitted,

CARMEN M. ORTIZ
United States Attorney

By:   */s/ Laura J. Kaplan*
Laura J. Kaplan
Kristina E. Barclay
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

  */s/ Laura J. Kaplan*
Laura J. Kaplan
Assistant United States Attorney

Date: February 16, 2016